## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RALPH E. SWAN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) Civ. No. 11-847-SLR |
| ROBERT M. COUPE, Commissioner, | ) |
| Delaware Department of Correction, | ) |
| | ) |
| and | ) |
| | ) |
| PERRY PHELPS, Warden, James T. | ) |
| Vaughn Correctional Center, | ) |
| | ) |
| Respondents.[1] | ) |

Edson A. Bostic and Karl D. Schwartz, Federal Public Defender's Office, Wilmington, Delaware, and Herbert Mondros, Margolis Edelstein, Wilmington, Delaware. Counsel for Petitioner.

Gregory E. Smith and Paul R. Wallace, Delaware Department of Justice, Wilmington, Delaware, and Maria T. Knoll, Attorney General's Office, Wilmington, Delaware. Counsel for Respondents.

## MEMORANDUM OPINION

September 4 , 2013
Wilmington, Delaware

---

[1] Robert M. Coupe has replaced former commissioner Carl C. Danberg, an original party to this case. *See* Fed.R.Civ.P. 25(d)(1).

ROBINSON, District Judge.

## I. INTRODUCTION

Petitioner Ralph E. Swan ("petitioner"), a Delaware inmate in custody at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 11) The amended application contains both exhausted and unexhausted claims. Pending before the court is a request made in petitioner's reply brief that the court stay and abey these proceedings so that he can return to state court and exhaust his unexhausted claims. (D.I. 24 at 26-35) For the reasons that follow, the court will grant petitioner's request.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 2001, a jury of the Superior Court of Kent County, Delaware ("Superior Court") found petitioner guilty of capital murder (D.I. 56), and on July 6, 2001, the jury recommended, by a 7 to 5 vote, that he be sentenced to death. (D.I. 57) On August 13, 2001, petitioner filed a motion for a new trial, and on August 27, 2001, the motion was denied. (D.I. 67) The Superior Court then sentenced petitioner to death. *State v. Norcross and Swan,* 2001 WL 1223198 (Del. Super. Oct. 3, 2001).[2] Petitioner appealed, and on April 9, 2003, the Delaware Supreme Court affirmed his convictions and sentences. *Swan v. State*, 820 A.2d 342 (Del. 2003), *cert. denied*, 540 U.S. 896 (2003).

---

[2] The Court also sentenced Swan to 132 years imprisonment on other charges arising from the crime, including robbery, burglary, conspiracy and possession of a deadly weapon during the commission of a felony.

On January 3, 2006, petitioner filed a second motion for a new trial, as well as a motion for post-conviction relief. (D.I. 136, 137) On April 8, 2010, the Superior Court denied both motions (D.I. 236), and petitioner appealed. On September 6, 2011, the Delaware Supreme Court affirmed the Superior Court's judgment. *Swan v. State*, 28 A.3d 362 (Del. 2011), *cert. denied,* 132 S.Ct. 1807 (2012).

On September 27, 2011, petitioner filed an application for a writ of habeas corpus, and on January 24, 2012, he filed an amended application. (D.I. 3, 11) On May 24, 2012, respondents filed an answer (D.I. 15) in which they contended that the application should be dismissed because it contained both exhausted and unexhausted claims. On September 24, 2012, petitioner filed a reply (D.I. 24) in which he asked the court to stay these proceedings and allow him to return to state court to exhaust his unexhausted claims. The court has received additional briefing on this issue. (D.I. 26, 27)

## III. GOVERNING LEGAL PRINCIPLES

A federal district court can entertain a state prisoner's application for a writ of habeas corpus only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas application on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254)(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-46 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct

2

appeal or in a post-conviction proceeding, and in a procedural manner permitting the
state courts to consider it on the merits. *O'Sullivan,* 526 U.S. at 844-45*; See Lambert v.
Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss a
habeas application consisting entirely of unexhausted claims without prejudice in order
to give a petitioner an opportunity to present the unexhausted claims to the state courts.
*Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

Sometimes a petitioner will present a federal court with a mixed petition, which is
an application containing both exhausted and unexhausted claims. *See generally Rose
v. Lundy*, 455 U.S. 509, 510 (1982). When this happens, the court has three options:
(1) it can dismiss the entire application without prejudice in order to enable the
petitioner to return to state court to exhaust state remedies; (2) it can delete the
unexhausted claims from the application so that the habeas proceeding can continue
with only the remaining exhausted claims; and (3) in limited circumstances, it can stay
the mixed application and hold the case in abeyance while the petitioner returns to state
court to exhaust his previously unexhausted claims. *See Urcinoli v. Cathel*, 546 F.3d
269, 274 (3d Cir. 2008); *Buchanan v. Johnson*, 723 F.Supp.2d 722, 724-25 (D. Del.
2010).

The stay and abey option was crafted in response to a problem resulting from
the interplay between the total exhaustion requirement of *Lundy* and the one-year
statute of limitations for filing applications for federal habeas corpus. *See* 28 U.S.C. §
2244(d). If a federal court dismisses an inmate's mixed application in order to allow him
to return to state court to exhaust his unexhausted claims, the AEDPA's one-year

3

statute of limitations for filing an application for a writ of habeas corpus could bar review of his entire habeas application when he refiled it in federal court. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

The Supreme Court in *Rhines* noted that "[N]ot all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital habeas petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death." 544 U.S. at 278. Accordingly, it held that even if a petitioner faces a substantial risk of statute of limitations problems if his mixed application is dismissed, a district court should grant a stay only if he can also establish that: (1) he had good cause for failing to exhaust all of his claims; (2) his unexhausted claims are not plainly meritless; and (3) he has not engaged in intentionally dilatory litigation tactics. *Id.*

## IV. DISCUSSION

Petitioner's federal habeas application raises fifteen claims for relief, of which seven are unexhausted. In addition, within petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct, which have been exhausted, he has added new sub-claims which were not presented in either his direct appeal or his state post-conviction proceedings. Petitioner concedes that he has filed a mixed application and asks the court to exercise the stay and abey option. The parties do not dispute that if the court dismissed the entire petition, there is a substantial risk that when petitioner refiles his application for habeas relief after exhausting his claims in state court, his entire petition could be barred from review by the AEDPA statute of limitations.

4

Accordingly, the issue for the court is whether petitioner can establish the three additional elements of the *Rhines* test.

## A. Good Cause

Neither the Supreme Court nor the Third Circuit has defined what constitutes "good cause" within the stay and abey context. *Heleva v. Brooks*, 581 F.3d 187, 192 n. 3 (3d Cir. 2009). A number of lower courts have held that an allegation of ineffective assistance of counsel during state post-conviction proceedings establishes good cause for failing to exhaust claims in state proceedings for purposes of *Rhines v. Weber. See Thomas v. Conway*, 2009 WL 414011 at *4 (W.D.N.Y. Feb. 18, 2009). Petitioner contends that his failure to exhaust his new claims and sub-claims was due to the ineffective assistance of his state post-conviction counsel. Respondents do not take issue with petitioner's contention that ineffective assistance of state post-conviction counsel can constitute good cause under the *Rhines* test, but they do dispute whether his counsel's failure to raise the new claims and sub-claims in state post-conviction proceedings constitutes ineffective assistance of counsel.

The court notes that ineffective assistance of state post-conviction counsel does constitute a recognized exception to the prohibition against successive post-conviction applications under Delaware Superior Court Criminal Rule 61. *See State v. Wilmer*, 2003 WL 751181 at *5 (Del. Super. Mar 12, 2003), *aff'd*, 827 A.2d 30 (Del. 2003). Were this court to grant petitioner's request to stay and abey this case and allow him to return to state court in order to exhaust his claims, the state court would be required to independently determine the merits of his ineffective assistance of state post-conviction

5

counsel claim in order to determine whether it could review the merits of his claims. Because allowing the state court to make this determination in the first instance furthers the policies of federal-state comity and judicial economy, the court finds that petitioner's allegation of ineffective assistance of post-conviction counsel establishes good cause under the *Rhines* test. *See Wagner v. Smith*, 581 F.3d 410, 419-20 (6th Cir. 2009).

## B. Plainly Meritless Claims

Neither the Supreme Court nor the Third Circuit has defined what constitutes a "plainly meritless" claim in the stay and abey context. Several lower courts, including this one, have applied the definition set out in 28 U.S.C. § 2243: whether "it appears from the face of the application that the applicant or person detained is not entitled [to relief.]". *See e.g. Canales v. Quarterman*, 2007 WL 922150 at *3 (E.D. Tex. Mar. 23, 2007); *Aiello v. Curtin*, 2011 WL 4962670 at *2 (E.D. Mich. Sept. 8, 2011) *report and recommendation adopted*, 2011 WL 4962982 (E.D. Mich. Oct. 29, 2011); *Zebroski v. Phelps*, 2013 WL 1969248 at *3 (D. Del. May 13, 2013). When a mixed application contains more than one unexhausted claim, as in this case, a stay should be granted as long as at least one unexhausted claim is not plainly meritless. *See Wheeler v. Cox*, 2013 WL 2394975 at *10 (D. Nev. May 29, 2013). Accordingly, the issue for the court is whether it appears from the face of petitioner's application that he could obtain relief on at least one of his unexhausted claims.

One of petitioner's unexhausted claims is that his trial counsel rendered ineffective assistance by failing to object to improper closing argument by the prosecution at the guilt-determination phase of his trial. (D.I. 11 at 28) Petitioner

6

contends that, *inter alia*, the prosecution improperly emphasized victim impact and victim character evidence in an attempt to inflame the jury. *Id.* at 40. On its face, this argument makes a claim for which petitioner could obtain relief. *See generally Marshall v. Hendricks*, 307 F.3d 36, 66 (3d Cir. 2002); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Accordingly, the court finds that at least one of petitioner's unexhausted claims is not plainly meritless.

## C. Intentionally Dilatory Litigation Tactics

While the respondents correctly contend that federal courts should scrutinize a capital inmate's counsel's actions especially closely for indications of intentionally dilatory tactics, they have not alleged that any actions by petitioner's counsel have prolonged or delayed resolution of this litigation. Further, based upon its own review of the record, the court finds no indication that petitioner has engaged in intentionally dilatory litigation tactics, such as waiting until the end of the statute of limitations period to file his federal petition, filing frivolous motions or repeatedly seeking to substitute counsel.

## V. CONCLUSION

For the foregoing reasons, petitioner's request to stay and abey these proceedings will be GRANTED. Because *Rhines* directs district courts to "place reasonable limits on a petitioner's trip to state court and back," 544 U.S. at 278, the court will provide petitioner 30 days to initiate his Rule 61 proceedings in the state court, and 30 days from the date those proceedings terminate to notify the court of their disposition.

An appropriate order will be entered.

7