IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RALPH E. SWAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   C.A. No. 11-847 (MN) |
| | ) |
| ROBERT MAY, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Edson A. Bostic, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF DELAWARE, Wilmington, DE – Attorneys for Petitioner.

Maria T. Knoll, Martin B. O'Connor, Deputy Attorneys General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE – Attorneys for Respondents.

September 21, 2020
Wilmington, Delaware

*/s/ Maryellen Noreika*
**NOREIKA, U.S. DISTRICT JUDGE**

## I. BACKGROUND

On October 3, 2001, following a Delaware Superior Court jury trial, Petitioner Ralph E. Swan ("Petitioner") was convicted of capital murder and sentenced to death. (D.I. 44 at 1). In November 2011, pursuant to 18 U.S.C. § 3599(a)(2), the Court entered an Order appointing the Federal Public Defender's Office ("FPDO") and its Capital Habeas Unit ("CHU") to represent Petitioner in the instant federal habeas proceeding.

Now, in September 2020, a combination of certain circumstances has left the FPDO unable to continue to represent Petitioner in the pending habeas matter. (D.I. 44 at 3). As a result, the FPDO seeks leave to withdraw from further representation of Petitioner, and asks that he be appointed substitute, qualified, and experienced habeas counsel to represent him under the Criminal Justice Act. More specifically, the FPDO asks the Court to appoint Mr. Michael Wiseman, Esquire to represent Petitioner pursuant to the Criminal Justice Act of 1964, 18 U.S.C. § 3006A ("CJA") and the District of Delaware's CJA Plan. (D.I. 44 at 3).

Attorney Wiseman is the former chief of the Philadelphia CHU (Federal Community Defender's Office, EDPA) and a seasoned capital and non-capital habeas litigator. (D.I. 44 at 3). Attorney Wiseman, however, is not a member of this District's CJA Panel.

## II. DISCUSSION

Although a habeas petitioner does not have a constitutional or statutory right to an attorney in a federal habeas proceeding, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991), a district court may seek legal representation by counsel for a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the petitioner] resulting . . . from [the petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154

1

(3d Cir.1993); 18 U.S.C. § 3006A(a)(2)(B) (representation by counsel may be provided for a financially eligible petitioner when a court determines that the "interests of justice so require"). Notably, the United States District Court for the District of Delaware has adopted a Plan for Furnishing Representation in Federal Court for any Person Financially Unable to Obtain Adequate Representation in Accordance with the CJA ("CJA Plan"). The Delaware CJA Plan provides for the establishment of the Federal Public Defender Organization and for a separate panel of private attorneys known as the CJA Panel. *See* Delaware CJA Plan at §§ V and VI. The CJA Panel attorneys are available for appointment as counsel in habeas corpus proceedings filed pursuant to 28 U.S.C. § 2254, and the Delaware CJA Plan sets forth criteria for membership on the CJA Panel and the appointment process. *See* Delaware CJA Plan at §§ IV(A)(1)(i), (2)(b); IV(B,)(C),(D); VI; VII. The Delaware CJA Plan allows for the appointment of counsel not on the CJA Panel "in exceptional circumstances." Delaware CJA Plan at § VII(C). Section VII (C) provides, in relevant part:

> When the district judge presiding over a case […] determines that the appointment of an attorney, who is not a member of the CJA panel, is in the interest of justice, judicial economy, or continuity of representation, or there is some other compelling circumstance warranting his or her appointment, the attorney may be admitted to the CJA panel *pro hac vice* and appointed to represent the CJA defendant. Consideration for preserving the integrity of the panel selection process suggests that such appointments should be made only in exceptional circumstances. Further, the attorney, who may or may not maintain an office in the District, should possess such qualities as would qualify him or her for admission to the District's CJA panel in the ordinary course of panel selection.

Delaware CJA Plan at § VII (C).

As an initial matter, the Court grants the Motion for Leave to File Sealed Motion to Withdraw Federal Public Defender and the Office of the Federal Public Defender as Counsel and to Appoint Substitute Counsel. (D.I. 43). In turn, based on the assertions in the Motion to

Withdraw/Substitute Counsel, the Court finds that exceptional circumstances are present in this case. The case is complex and state post-conviction proceedings are ongoing. Attorney Wiseman has considerable experience in both capital and non-capital litigation. Thus, the Court finds that the interest of justice and judicial economy warrant the appointment of Attorney Wiseman to represent Petitioner in this proceeding.

### III.     CONCLUSION

For the reason set forth above, the Court will grant: (1) the Motion for Leave to File Sealed Motion for the Federal Public Defender and FPDO to Withdraw as Counsel and to Appoint Substitute Counsel (D.I. 43); and (2) the Motion for the Federal Public Defender and FPDO to Withdraw as Counsel and to Appoint Substitute Counsel (D.I. 44). Consequently, the Court will appoint Attorney Michael Wiseman to represent Petitioner. A separate Order will be entered.